## THE STATE v. O'KEEFE, *Appellant.*

### Division Two, November 9, 1897.

1. **Seduction:** SUFFICIENCY OF INDICTMENT. An indictment for seduction which is fully set out in the opinion is held sufficient.

2. **Instructions:** SEDUCTION: MARRIAGE. Marriage is a good defense to a prosecution for seduction, but under section 3486, Revised Statutes 1889, an offer to and a willingness to marry is no defense. It is therefore not error to refuse an instruction which tells the jury that they can take the promise to marry, if they find such a promise was made, into consideration in assessing the penalty.

3. **Evidence:** SUFFICIENCY OF. The testimony of the prosecutrix was clear and satisfactory and the defendant admitted the paternity of the child, the promise to marry and his breach. *Held* amply sufficient evidence to warrant conviction.

*Appeal from Ralls Circuit Court.*—HON. REUBEN F. ROY, Judge.

AFFIRMED.

*Edward C. Crow*, Attorney-General, and *Sam B. Jeffries*, Assistant Attorney-General, for the State.

(1) The instruction offered by defendant to the effect that if the defendant had been willing at all times since the alleged seduction to marry the prosecuting witness, and offered to do so, the jury may take such fact into consideration in assessing his penalty, was properly refused. An offer to marry by the defendant will not excuse him, unless accepted by the party injured; nor can it be considered a circumstance in its nature mitigating. *State v. Brandenburg*, 118 Mo. 181. (2) The proper corroborating testimony to warrant a conviction is shown. Corroborating evidence is only required as to the promise of marriage. *State v. Hill,*

91 Mo. 423; *State v. Brassfield*, 81 Mo. 151. (3) Cor-. roboration as to the promise of marriage need not be by positive evidence, but may be shown by circumstances. *State v. Wheeler*, 108 Mo. 658. (4) The indictment is in usual form heretofore approved, and practically follows the language of the statute. *State v. Stinehouse*, 47 Ind. 17; *State v. Primm*, 98 Mo. 368; *State v. Eckler*, 106 Mo. 585.

GANTT, P. J.—At the August term, 1894, of the Ralls circuit court, defendant was indicted for seducing and debauching the prosecutrix under promise of marriage.

At the same term a plea of not guilty was duly entered, and at the March term, 1895, he was tried and convicted and sentenced to the penitentiary for two years. The bill of exceptions was signed by the judge July 26, 1895, and the transcript was not certified to this court until August 12, 1896, more than a year after the record was made. No docket fee was sent with the transcript and it has thus slumbered another year. No counsel has appeared in this court in behalf of defendant and we have been compelled to make our own examination of the record.

The indictment is as follows:

"The grand jury for the State of Missouri, summoned from the body of Ralls county, impaneled, charged and sworn, upon their oaths present and charge that Charles O'Keefe, late of the county of Ralls, on the —— day of ——, 1892, at the said county of Ralls in the State of Missouri, did then and there, under and by promise of marriage made to one Annie Elizabeth Hightower by him, the said Charles O'Keefe, unlawfully and feloniously seduce and debauch her, the said Annie Elizabeth Hightower, she, the said Annie Elizabeth Hightower, being then and there an

unmarried female of good repute and under eighteen years of age, against the peace and dignity of the State."

I.   A motion to quash was lodged against the indictment because it did not state facts sufficient to charge defendant with the crime of seduction or any other crime under our laws.   The indictment is sufficient.   It charges every fact essential to a conviction for seduction.   It received the express approval of this court in *State v. Primm*, 98 Mo. 368; Kelly's Crim. Law, sec. 555.

II.   The instructions for the State are full and such as have been approved often by this court.   No good purpose can be subserved by again setting them out in full.   They will stand the most severe criticism.

III.   The defendant offered the following instruction which was refused:

"While the fact that the defendant may have been willing at and since the alleged seduction to marry the prosecuting witness, and may have offered to do so, is no defense in this case, still the jury may take such fact into consideration in assessing his penalty, if they find the same has been proven."

No error was committed in declining this instruction.   Section 3486, Revised Statutes 1889, expressly provides that "an offer to marry the female seduced by the party charged shall constitute no defense," and the evidence offered for that purpose was inadmissible for any purpose.   The only palliation which the statute will tolerate for the crime is marriage, not a mere offer.   *State v. Brandenburg*, 118 Mo. 181.   But even if such evidence would mitigate the penalty, the defendant's own evidence would not have justified the instruction.

IV.   As to the evidence, that of the prosecutrix was clear and satisfactory and fully sustained by the

defendant who went on the stand and admitted the paternity of the child, the promise to marry and his breach of that promise after he was apprised of the blight which his crime must forever put upon the life of the woman who had confided herself to his embraces, trusting in his truth and honor.

No more satisfactory case has ever been made out under this statute than that disclosed by this record. His punishment of only two years in the penitentiary is very light. The judgment is affirmed. SHERWOOD and BURGESS, JJ., concur.